COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges O'Brien and AtLee
Argued at Richmond, Virginia

RICHARD DUANE JOYCE, JR.

OPINION BY
v.        Record No. 0390-19-2          JUDGE RICHARD Y. ATLEE, JR.
APRIL 14, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Sarah L. Deneke, Judge

Christopher M. Reyes (SMK Lawgroup, PLC, on brief), for
appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Richard Duane Joyce, Jr. appeals his convictions of driving under the influence ("DUI"),

second offense within five years, in violation of Code § 18.2-266 and driving on a revoked

license, alcohol related, in violation of Code § 46.2-391. He argues that the circuit court erred by

denying his motion to suppress because the officer did not have reasonable suspicion to initiate a

traffic stop. For the following reasons, we affirm the decision of the circuit court.

I. BACKGROUND

On December 11, 2017, Deputy McGhee of the Caroline County Sheriff's Office

received a "be on the lookout" call. An anonymous caller had reported that a small green sedan

with a male driver was heading towards Bowling Green "to get more beer." The caller stated

that the car was coming from an address on Farmer Drive, and the call originated from an

address on Farmer Drive.

Deputy McGhee headed towards one of three locations in Bowling Green that sells beer. He observed a small green sedan, a Ford Focus, in the parking lot of the Rite Aid. One man was sitting inside the vehicle drinking from a blue can. When Deputy McGhee pulled into the parking lot "to get a closer look," the driver of the green sedan immediately drove off.

Deputy McGhee followed the green sedan as it turned right out of the parking lot and pulled onto the road without incident. The green sedan stopped at a red light and signaled to turn left. Deputy McGhee stopped behind the green sedan, and, while waiting for the light to change, he ran the license plate and discovered the car was registered to an address on Farmer Drive.

When the light turned green, the green sedan remained stationary "for approximately six or seven seconds with the turn signal on and did not move." There were no other vehicles in the intersection. The green sedan eventually completed the left turn onto Main Street. Deputy McGhee initiated a traffic stop for failure to obey a green light.

Deputy McGhee observed numerous open alcoholic beverage containers throughout the vehicle. Joyce had glassy eyes, slurred speech, and an odor of alcohol. Joyce failed three field sobriety tests, and a subsequent blood alcohol test revealed his blood alcohol content was .134. In addition to a failure to obey a traffic signal charge, Joyce was charged with driving under the influence, second offense within five years, and driving on a revoked driver's license.

Joyce filed a pretrial motion to suppress the evidence arising from the traffic stop. The circuit court held a hearing on the motion, during which Deputy McGhee testified. Joyce argued that the information provided by the anonymous caller was not sufficient to provide reasonable suspicion to stop the car. He also argued that a six or seven second pause at a green light was not sufficient to justify the stop because he could have been waiting to make sure the intersection was clear. The circuit court denied the motion to suppress, holding that the officer had reasonable suspicion to believe that a traffic offense had occurred, which justified the stop.

The circuit court convicted Joyce of the charges, and sentenced him to ten years of incarceration, with seven years suspended. Joyce now appeals to this Court.

## II. ANALYSIS

Joyce argues that the circuit court erred in denying his motion to suppress because a six to seven second pause at a green light is not sufficient to provide reasonable, articulable suspicion that a traffic violation occurred.

"On appeal of the denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth." Carlson v. Commonwealth, 69 Va. App. 749, 757 (2019) (quoting McCracken v. Commonwealth, 39 Va. App. 254, 258 (2002)). Joyce "has the burden of showing that even when the evidence is reviewed in that light, denying the motion to suppress was reversible error." Branham v. Commonwealth, 283 Va. 273, 279 (2012). We review the "evidence adduced at both the trial and the suppression hearing." Carlson, 69 Va. App. at 758 (quoting Greene v. Commonwealth, 17 Va. App. 606, 608 (1994)). "We give deference to the trial court's factual findings and review *de novo* the application of law to those facts." Id.

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. Const. amend. IV. "[A] traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment." Mason v. Commonwealth, 291 Va. 362, 367-68 (2016) (quoting Heien v. North Carolina, 574 U.S. 54, 60 (2014)). To justify a traffic stop, officers need only reasonable suspicion, "that is, 'a particularized and objective basis for suspecting the particular person stopped' of breaking the law." Heien, 574 U.S. at 60 (quoting Navarette v. California, 572 U.S. 393, 396 (2014)).

Reasonable suspicion to justify a traffic stop "must be based upon specific and articulable facts." Mason, 291 Va. at 368.

> The test is not what the officer thought, but rather whether the facts and circumstances apparent to him at the time of the stop were such as to create in the mind of a reasonable officer in the same position that a violation of the law was occurring or was about to occur.

Id.  Reasonable suspicion "is more than a 'mere hunch' but less than 'proof of wrongdoing by a preponderance of the evidence.'"  Commonwealth v. Thomas, 23 Va. App. 598, 610-11 (1996).  The "mere 'possibility of an innocent explanation' does not necessarily exclude a reasonable suspicion that the suspect might be violating the law."  Shifflett v. Commonwealth, 58 Va. App. 732, 736 (2011).

Code § 46.2-833 provides the laws relating to traffic lights.  Under Code § 46.2-833(A), "[g]reen indicates the traffic shall move in the direction of the signal and remain in motion as long as the green signal is given, except that such traffic shall yield to other vehicles and pedestrians lawfully within the intersection."  A "driver of any motor vehicle may be detained or arrested for a violation of this section if the detaining law-enforcement officer is in uniform, displays his badge of authority, and (i) has observed the violation . . . ."  Code § 46.2-833(D).

Here, Deputy McGhee was behind Joyce at a red light.  Deputy McGhee testified that after the light turned green, Joyce remained motionless at the green light for six or seven seconds before he proceeded through the light.  Deputy McGhee did not observe any other vehicles in the intersection.  Given these facts, Deputy McGhee had reasonable suspicion to believe that Joyce violated Code § 46.2-833(A) when he did not "move in the direction of the signal" and that he committed a traffic infraction.

Joyce argues that his extended stop at the green light was an exercise of reasonable care.  He argues that Code § 46.2-833(A)

> does not . . . mean that a green light is an unqualified command to a motorist to move in the direction indicated under any and all circumstances.  It is only a command to do so in the exercise of reasonable care and when the movement indicated is not calculated

- 4 -

> to cause injury or damage to another.  It is a conditional directive
> which is to be obeyed with reasonable care.

Arney v. Bogstad, 199 Va. 460, 463 (1957) (discussing an earlier version of Code § 46.2-833).

Joyce is correct that a green light is not an unconditional command to proceed.  The statute itself contains conditional language requiring a driver to proceed "*except* that such traffic shall yield to other vehicles and pedestrians lawfully within the intersection."  Code § 46.2-833(A) (emphasis added).  Thus, a failure to proceed through a green light is not automatically a traffic violation.

In Mason, a police officer observed a vehicle with a 3" by 5" parking pass dangling from his rearview mirror.  291 Va. at 366.  The officer initiated a traffic stop, based on Code § 46.2-1054, which prohibits a person from driving on the highway with an object suspended from the vehicle in a "manner as to obstruct the driver's clear view of the highway through the windshield."   The Supreme Court noted that "[s]ome dangling objects may turn out not to obstruct the driver's clear view of the highway; others will."  Mason, 291 Va. at 371.  The Court concluded that the facts were such that a reasonable officer could conclude that the dangling object *might* violate the statute, and it therefore concluded that the investigatory stop was justified.  Id.

Like in Mason, some prolonged stops at a green light may violate Code § 46.2-833; others will not.  For example, as the Commonwealth noted during oral argument, it is possible for an officer to pull over an individual for failure to proceed through a green light, only to discover that an animal had darted onto the roadway unseen by the officer.  But the mere "possibility of an innocent explanation" does not necessarily negate a finding of reasonable suspicion.  See Shifflett, 58 Va. App. at 736.

Here, Joyce remained stationary at a green light for six or seven seconds, and Deputy McGhee did not observe any vehicles in the intersection that would justify Joyce's prolonged

stop. Therefore, Deputy McGhee had reasonable suspicion to believe that Joyce violated Code § 46.2-833. A traffic stop was permissible to investigate whether Joyce had a legally supportable reason for his prolonged stop or whether he did in fact violate Code § 46.2-833. Accordingly, the circuit court did not err in denying the motion to suppress.

III. CONCLUSION

Because the officer had reasonable suspicion to initiate the traffic stop, the circuit court did not err in denying Joyce's motion to suppress. Accordingly, we affirm.

Affirmed.